CORTÉS ET AL., PLAINTIFFS AND APPELLANTS, *v.* CREHORE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Ejectment and for Mesne Profits.

No. 1462.—Decided July 26, 1916.

IMPLIED REPEAL—CHANGE OF SYSTEM.—Implied repeals of statutes should never be favored, but when a later statute changes the system created by a former statute and substitutes therefor another complete system, the new and not the old system should prevail.

PROPERTY OF MINORS—SALE OF PROPERTY—REPEAL OF STATUTES.—Articles 2011 *et seq.* of the Law of Civil Procedure of 1886, in so far as they refer to the sale of property belonging to unemancipated minors, were substituted and impliedly repealed by articles 269 to 272 of the Civil Code of 1889, and these articles having been repealed in turn by the Revised Civil Code of 1902, such repeal did not have the effect of reviving the provisions of articles 2011 *et seq.* of the Law of 1886; for the repeal of a repealing act does not revive the original repealed law.

ID.—ID.—AUTHORIZATION OF COURT—ASSESSMENT.—The law in force in this Island in 1903 required only that the court should first authorize the sale of property of unemancipated minors, but not that the property should necessarily be assessed by experts and sold at public auction.

The facts are stated in the opinion.

*Messrs. Eduardo Flores Colón* and *Eduardo F. Gibson* for the appellants.

*Messrs. José* and *Manuel Tous Soto* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The fundamental question involved in this case is whether articles 2010 *et seq.* of the Law of Civil Procedure which went into effect in this Island on January 1, 1886, were in force in the year 1903 in so far as they refer to the alienation of real property belonging to minors subject to tutorship.

It is alleged in the complaint that the plaintiffs are the owners of certain real property; that in the year 1903 and during their minority their tutor applied to the proper district court for leave to sell the said property on the ground of necessity and utility and, having obtained a favorable decision, sold the same privately and without an appraisement by experts to defendant Carlos Cabrera, and that after

the sale was recorded in the registry, in which the said facts appeared—that is, that there was no expert appraisement or public sale—Cabrera sold the property to the present holder of the same, the other defendant, Charles L. Crehore.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and, considering that the complaint could not be substantially amended, rendered final judgment against the plaintiffs, who took the present appeal therefrom.

In synopsis, the district court held that in 1903, when the Revised Civil Code was in force, all that was required of a tutor to enable him to sell the property of his ward was to obtain the authorization of the proper court, and that an expert appraisement of the property and its sale at public auction were not indispensable requisites, as was required by the old Law of Civil Procedure. Such is the question which we are called upon to consider and decide.

There is no doubt whatever as to the necessity for the authorization of the court. That question is not involved in the present case. Here, the tutor obtained the authorization of the court as required by law. The question is simply whether in 1903 it was necessary to have the property appraised by experts and sold at public auction besides obtaining the authorization of the court.

"Because real property belonging to orphans cannot be lightly alienated, except for debt or when greatly to the interest of the orphans, as was explained in the title treating of that matter; and even then such alienations must be authorized by the judge of the place and the property announced for *sale at public auction* for thirty days; \* \* \*." Title XVIII, Law LX, *Partida* 3. See 3 Spanish Codes, 218.

As we have said, the old Law of Civil Procedure went into effect in this Island in 1886. Three of its articles— 2014, 2015 and 2016—under Title XI, which treats of the

alienation of property of minors and incapacitated persons and the settlement of their rights out of court, provide as follows:

"Article 2014.—The authority shall be granted in all cases under the condition that the sale must be made at public auction, after an appraisement, if property mentioned in numbers 1, 3 or 4 of article 2010 is involved.

"Sales made by the father, or mother, in a proper case, exercising parental authority, are excepted from the foregoing rule. Such sales may be made without any other requisite than that of having first obtained judicial authority with a hearing of the *promotor fiscal* and of the persons mentioned in articles 219 and 213 of the mortgage laws respectively in force in the islands of Cuba and Porto Rico.

"Article 2015.—The judge shall always appoint the experts for the appraisement, who cannot be challenged. Neither can the third expert be challenged, if it should become necessary to appoint one upon disagreement of the first two experts.

"Article 2016.—After the appraisement has been made, the judge shall order that the sale be announced for a period of thirty days, designating the day, hour and place where it is to take place, and that edicts be posted in the customary places, inserting them also, should he deem it proper, in some official newspaper." (War Department translation.)

By Royal Decree of July 31, 1889, the civil code in force in the Peninsula, compiled in accordance with the provisions of the law of May 11, 1888, and approved by Royal Decree of July 24, 1889, was extended to the islands of Cuba, Porto Rico and the Philippines. With the code the family council was introduced into this Island and the authorization formerly given by the courts for the alienation of property of minors· subject to tutorship was required to be given by the council.

Article 269 provides that "the guardian requires the authority of the family council," among other specified cases, "to alienate or encumber the property constituting the capital of minors or incapacitated persons, or to make contracts or execute instruments subject to record."

The code not only required the authorization, but provided further in articles 270, 271 and 272 as follows:

"Article 270.—The family council cannot authorize the guardian to alienate or encumber the property of the minor or incapacitated person unless it be for reasons of necessity or utility, which the guardian shall duly prove.

"This authority shall be exercised in regard to specified things.

"Article 271.—The family council, before granting authorization to encumber real property or constitute property rights in favor of third persons, may previously hear the opinion of experts with regard to the conditions of the encumbrance and possibilities of bettering it.

"Article 272.—If real property, rights subject to record, jewelry, or personal property the value of which is over 4,000 *pesetas,* is in question, the alienation thereof shall be made at public auction with the intervention of the guardian or protutor.

"Securities quoted on exchange, public as well as commercial or industrial, shall be sold by an exchange agent or by a commercial broker." (War Department translation.)

Considering the foregoing provisions, which embrace the whole matter, can it be concluded that articles 2010 *et seq.* of the Law of Civil Procedure remained in force in so far as they referred to the sale of property belonging to minors subject to tutorship?

Let us consider the opinion of the most distinguished of the commentators on the Law of Civil Procedure, Manresa. In a footnote to article 2011 of the law of the Peninsula—the same as article 2010 of that of Porto Rico—he says:

"This article, as is confirmed by the following one, refers to all minors, whether subject to *patria potestas* or to tutorship, and to incapacitated persons also subject to tutorship, providing as to all of them that the authorization of the court shall be necessary for the alienation or encumbrance of the property specified in the said article. Such was the rule under the law in force when the Law of Civil Procedure was promulgated; but the Civil Code has repealed those provisions, and although, as was natural, it accepted the principle of giving to the parents greater powers than to the tutors, under the new arrangement of tutorship it has empowered the family council

to exercise supervision and to grant the said authorization, which was formerly the province of the courts, at the same time requiring the parents to obtain from the latter authorization to alienate or encumber the property of their unemancipated children and exacting such authorization in other cases. Let us consider these cases in order to ascertain what provisions of this title will be applicable thereto.''

He then considers the provisions relating to the property of minors subject to *patria potestas,* the property of the absent husband, the property of spendthrifts subject to tutorship, of undetermined dowries and paraphernal property, concluding as follows:

''Finally, let us consider the cases in which the Civil Code has taken from the courts the power which they formerly exercised of granting the authorization in question. Subsection 5 of article 269 prescribes that 'the guardian required the authority of the family council to alienate or encumber the property constituting the capital of minors or incapacitated persons, or to make contracts or execute instruments subject to record.' Articles 270 and 271 provide that the family council cannot grant such authorization except for reasons of necessity or utility, which the guardian must duly prove; that such authorization must be exercised in regard to specified things, and that before granting authorization to encumber real property or constitute property rights in favor of third persons, the family council may hear the opinion of experts with regard to the conditions of the encumbrance and the possibilities of bettering them. Therefore, the power which the courts of first instance formerly had to authorize guardians or curators to alienate or encumber property belonging to minors or incapacitated persons entrusted to their charge, is vested in the family council, and the courts have no jurisdiction of such matters except in case of appeal from the decision of the council, as provided for by article 310 of the said code. (See comments on said appeal on page 324 of this volume and the decision of the General Directorate of Registries of September 20, 1890.) Therefore, the article under consideration, as well as the other articles under this title, have been virtually repealed and are inoperative in so far as they refer to the alienation or encumbrance of the property of minors or incapacitated persons subject to guardianship.'' VI Manresa, Law of Civil Procedure, 434, 436.

The opinion of Manresa seems to us to be perfectly sound. His reasoning is logical and convincing. The repeal of statutes by implication should never be favored, but when a system existing by virtue of a previous enactment is changed and substituted by another complete system under the provisions of a later enactment, the new system and not the old should govern.

Such was the law when the change of sovereignty took place in Porto Rico and the Legislative Assembly created by the Organic Act, which was passed by the Congress of the United States in 1900, enacted the Civil Code of 1902. The family council was suppressed. The courts were given their former jurisdiction, but the wholesome provisions of articles 270, 271 and 272 of the code were totally repealed.

Did the repeal of these have the effect of reviving the provisions of articles 2011 *et seq.* of the Law of Civil Procedure of 1886?

One of the principles laid down in the Civil Code of 1902 (sec. 6) is that "The repeal of a repealing law does not revive the act repealed." Therefore, having reached the conclusion that articles 269, 270, 271 and 272 of the Civil Code of 1889 replaced and impliedly repealed articles 2011 *et seq.* of the Law of Civil Procedure of 1886 in so far as they related to the sale of property of minors subject to tutorship, we must also conclude that the repeal of said articles 270, 271 and 272 of the code of 1889 by the code of 1902 did not revive the repealed law, or the said articles of the Law of Civil Procedure of 1886.

In 1905 the Legislature of Porto Rico enacted the Act relating to special legal proceedings, dedicating the only chapter of Title V to "Authority over rights and properties of minors" (Acts of 1905, page 137). It required that the petition for the authorization of the court should set forth under oath the necessity of the object sought, the advantage ensuing therefrom to the minor and the reasons for the

request, and that in case it were sought to alienate real property, the petition should be accompanied by a certificate showing the value at which the property was appraised for taxation purposes, it being the duty of the court to fix the minimum price of the sale.

In 1911 (Acts of 1911, page 118 *et seq.*) the said provisions of the Act relating to special legal proceedings and those of the Civil Code relative to the matter were amended and one of the requirements added was that the sale should be made at public auction, thus reviving in Porto Rico the same measures adopted by the wise legislator in the *Partidas* for the protection of the property of minors.

The sale referred to in this action was made in 1903. At that time the Revised Civil Code was in force, and its only provision governing the matter was that contained in subdivision 5 of section 282, namely, "The tutor shall require the authorization of the proper district court: * * * 5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person, or make contracts or execute acts requiring recording * * *." The law did not require a prior appraisement by experts or a public sale. The authorization of the court alone was sufficient and as, in the words of the complaint, "the District Court of Ponce authorized the tutor of the plaintiffs, Juan Príncipe Vázquez, to sell the said property privately and without appraisement by experts," we must conclude that the sale was valid and therefore that judgment cannot be given for restitution to the plaintiffs of the property so sold.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.